# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**STATE OF WEST VIRGINIA,**
**Plaintiff Below, Respondent**

**vs.)  No. 11-1384  (Mercer County 09-F-154-OA)**

**ALAN C.,**
**Defendant Below, Petitioner**

**FILED**

**May 16, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

The petitioner herein and defendant below, Alan C.[1] (hereinafter "the petitioner"), was convicted by a jury on two counts of wanton endangerment; one count of domestic battery; and three counts of child abuse by a parent, guardian, or custodian resulting in bodily injury.  The petitioner was re-sentenced for purposes of appeal by order dated August 26, 2011, by the Circuit Court of Mercer County.  Before this Court, the petitioner argues that the lower court erred in allowing evidence of prior bad acts to be introduced into his trial. Based upon the parties' written briefs and oral arguments, the appendix record designated for our consideration, and the pertinent authorities, we determine that the circuit court committed no prejudicial error and is, hereby, affirmed.  This Court further finds that this case presents no new or significant questions of law; therefore, it will be disposed of through a memorandum decision as contemplated under Rule 21 of the Revised Rules of Appellate Procedure.

On June 6, 2009, a grand jury indicted the petitioner on the following charges: three counts of domestic battery; three counts of child abuse resulting in serious bodily injury; three counts of wanton endangerment; one count of child neglect resulting in bodily injury; and one count of a felon in possession of a firearm.  Leading up to the trial, on

---

[1]"We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties."  *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987) (citations omitted). *See also State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials.  Since, in this case, the victim . . . [is] related to the [petitioner], we have referred to the [petitioner] by his last name initial." (citations omitted)).

January 19, 2010, the State provided notice[2] that it intended to use evidence of prior bad acts pursuant to W. Va. Rules of Evidence, Rule 404(b). The proposed evidence related to earlier acts committed by the petitioner over a span of seven years against his prior family members, which included a misdemeanor conviction for domestic battery.[3]  A *McGinnis*[4] hearing was held March 12, 2010, wherein the State produced three witnesses: the petitioner's ex-wife and his two stepchildren.   At the hearing, the State argued that the prior bad acts evidence was offered

> to show the motive and intent and plan of the [petitioner] to use mental, emotional, and physical abuse to totally dominate and control his [prior] family. . . . and the State's position is that[ the petitioner's desire to dominate and control his family is] the reasoning behind the extreme emotional, physical, and mental abuse suffered by the victims in this [present] case.

The petitioner's counsel argued that the evidence did not show motive, intent, or a plan, and, that it was more prejudicial than probative. Further, the petitioner's counsel argued that the time frame of events that occurred between 1991 and 1995 was too far removed to be probative.

Thereafter, on March 24, 2010, the circuit court ruled that the State's intended bad act evidence would be admissible at trial for the sole purpose of showing the petitioner's common plan to establish domination and control of his family. The trial court found by a preponderance of the evidence that the acts occurred and that the Petitioner committed them.

---

[2]The State provided a previous notice of intent to use other prior bad act evidence of additional, uncharged, acts that the petitioner had committed against the current victims under principles of *res gestae.* After a hearing and further research, the trial court ruled that the *res gestae* evidence presented by the victims of the current charged offenses was so "inextricably intertwined" with the indicted offenses that it was admissible without analysis pursuant to Rule 404(b). *See State v. Dennis*, 216 W. Va. 331, 607 S.E.2d 437 (2004). The introduction of the uncharged abusive acts against the current victims from 2004 to 2008 was "to provide the jury with a complete story of what the victims endured." The petitioner did not contest the trial court's ruling on the *res gestae* evidence and the issue is not before this Court for review.

[3]The conviction resulted from a severe spanking of a child, to which the petitioner pled guilty. As a result of this incident, the petitioner's ex-wife ended the relationship and took her children with her to a domestic violence shelter.

[4]*See State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994), discussed *infra*.

The lower court also found that the acts were to be admitted for a legitimate purpose: to prove the petitioner's common plan to commit the alleged crimes in the present case. Finally, the trial court determined that the probative value of the evidence was not substantially outweighed by any prejudicial effect. With specific regard to the legitimate purpose, the lower court stated:

> the Court FINDS that all of the charges are interconnected in that they are all premised upon the alleged systematic abuse from the [petitioner]. In essence, the [petitioner's] alleged conduct in the prior case and the [petitioner's] alleged conduct in the current case indicates a common pattern/plan of abuse in which the [petitioner's] intentions can be inferred for purposes of control and domination.
>
> Therefore, the Court FINDS that the prior criminal plea to Domestic Battery, and the bad acts allegedly committed by the [petitioner] are relevant evidence in that the testimonies from [the prior family] regarding the [petitioner's] common plan for abuse based upon their experiences/direct knowledge have a tendency to make the [petitioner's] overall plan in his personal relationships generally (including the one at issue in this case), as well as his intent to commit the crimes for which he is charged more probable. Accordingly, the Court FINDS and CONCLUDES that the State articulated a specific and relevant purpose for the admission of the 404(b) evidence that does not involve the prohibited inference from character to conduct.

The petitioner's trial began March 30, 2010. During the trial, the circuit court allowed evidence pertaining to the petitioner's prior family relations, and the petitioner's conduct towards those persons from 1992 to 1997. This conduct concerned neither the persons nor the criminal charges at issue in the trial. Moreover, evidence was introduced regarding alleged abusive conduct that occurred from 2004 to 2008 by the petitioner towards the persons involved in the current trial. While these actions were made against the same victims of the charged acts at issue in the trial, this conduct had not resulted in any criminal charges. The circuit court permitted this evidence to show that the petitioner acted with a common plan and, accordingly, provided a limiting instruction to the jury. The petitioner's ex-wife and former stepchildren, who were not the victims of the conduct being considered at trial, testified about their past relationships with the petitioner and the nature of his abuse towards them.

On April 2, 2010, the jury found the petitioner guilty of two counts of wanton

3

endangerment; one count of domestic battery; and three counts of child abuse by a parent, guardian, or custodian resulting in bodily injury.[5] The petitioner filed a motion for a new trial based on the circuit court admitting the 404(b) evidence at trial, which was denied by the circuit court. Following his convictions, the circuit court entered an order sentencing the petitioner to a total term of three to twenty-five years in prison. The circuit court re-sentenced the petitioner by order entered August 26, 2011, to allow time to perfect this appeal.

> It is well-established that
>> [t]he standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403. *State v. LaRock*, 196 W. Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996).
>
> Moreover, this Court previously has recognized that its function on appeal
>> is limited to the inquiry as to whether the trial court acted in a way that was so arbitrary and irrational that it can be said to have abused its discretion. In reviewing the admission of Rule 404(b) evidence, we review it in the light most favorable to the party offering the evidence, in this case the prosecution, maximizing its probative value and minimizing its prejudicial effect. *State v. Willett*, 223 W. Va. 394, 397, 674 S.E.2d 602, 605 (2009) (per curiam).
>
> With these directives in mind, we proceed to consider the parties' arguments.

On appeal, the sole issue for this Court's consideration is whether the trial court erred in admitting 404(b) evidence from the petitioner's former wife and stepchildren. The petitioner argues that the State's evidence did not qualify as a common plan. He contends that the prior bad acts were part of a separate set of circumstances distinct in time, people,

---

[5]The jury acquitted the petitioner on two counts of domestic battery; one count of child neglect resulting in injury; and one count of brandishing a firearm, which had replaced a dismissed wanton endangerment charge. The charge of felon in possession of a firearm was severed and tried separately, and is not at issue in this appeal.

and place. Further, the petitioner sets forth that the prejudicial effect of this evidence outweighed any probative value. In response, the State argues that the circuit court was correct in finding the 404(b) evidence admissible. In support of its assertions, the State points out that the lower court found that the prior acts occurred, that they were committed by petitioner, and that there was a relevant legitimate purpose for admitting them to show the petitioner's common plan to commit the alleged acts against his present family. Moreover, as urged by the State, the probative value of the evidence was not substantially outweighed by the prejudicial effect. Evidence of the petitioner's past relationships showed his common plan to dominate and control his family through physical, mental, and emotional abuse.

> Rule 404(b) of the West Virginia Rules of Evidence states as follows:
>> (b) Other crimes, wrongs, or acts. – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Specifically,

>> [w]hen offering evidence under Rule 404(b) of the West Virginia Rules of Evidence, the prosecution is required to identify the specific purpose for which the evidence is being offered and the jury must be instructed to limit its consideration of the evidence to only that purpose. . . .

Syl. pt. 1, in part, *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994).

Further, a trial court's role when considering the admissibility of evidence under Rule 404(b),

>> pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin*, 176 W. Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the

5

evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b).  If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence.  If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted.  A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

Syl. pt. 2, *McGinnis, id*.  In that regard, this Court has recognized previously that, "[a]s to the balancing under Rule 403, the trial court enjoys broad discretion.  The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse."  Syl. pt. 10, in part, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994).

Rule 403's balancing test provides, in pertinent part, that the proffered evidence be reviewed for its remoteness and similarity to the charged crime.  Thus, the time frame of the 404(b) evidence is relevant.  The abuse of the former family occurred from roughly 1992 through 1997.  The previous domestic battery conviction happened in 1998.  The crimes underlying the current conviction took place from 2004 through 2008, with the trial occurring in 2010.  Importantly,

[w]hether evidence offered is too remote to be admissible upon the trial of a case is for the trial court to decide in the exercise of a sound discretion; and its action in excluding or admitting the evidence will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.

Syl. pt. 5, *Yuncke v. Welker*, 128 W. Va. 299, 36 S.E.2d 410 (1945).  Moreover, "[a]s a general rule remoteness goes to the weight to be accorded the evidence by the jury, rather than to admissibility." Syl. pt. 6, *State v. Gwinn*, 169 W. Va. 456, 288 S.E.2d 533 (1982).

In the petitioner's case, the State presented a specific and legitimate purpose for introducing 404(b) evidence: the petitioner's past relationships showed his common plan to dominate and control his family through physical, mental, and emotional abuse.  Indeed, the lower court found that the "alleged conduct in the prior case and the [petitioner's] alleged conduct in the current case indicates a common pattern/plan of abuse in which the

6

[petitioner's] intentions can be inferred for purposes of control and domination." The trial court found by a preponderance of the evidence that the acts occurred and that the petitioner committed them. Finally, the trial court determined that the probative value of the evidence was not substantially outweighed by any prejudicial effect. Thus, the lower court determined that the State's intended bad act evidence would be admissible at trial for the sole purpose of showing the petitioner's common plan to establish domination and control of his family. Finally, a limiting instruction was read to the jury prior to the testimony of the first 404(b) witness, and it was repeated during the general charge to the jury. Because the timing of the previous conduct with the former family was not too remote in time, the State's evidence was admissible for the limited purpose of showing the petitioner's common plan of abusing his family to control and dominate them.

For the foregoing reasons, we affirm the lower court's August 26, 2011, sentencing order and its concomitant decisions.

Affirmed.

**ISSUED:  May 16, 2013**

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

7